# Hill *v*. Mayor and Aldermen of Birmingham.

*Prosecution for Violation of Municipal Ordinance.*

1. *Exemption from street duty imposed by municipal ordinance; when not shown.*—A citizen of the city of Birmingham, having been arrested under an ordinance of said city, for a failure to perform certain work on the streets, claimed that he was an employee of the A. G. S. Railroad Company, and, as such, was exempt from work on the streets, under an act of the legislature, incorporating the N. E. & S. W. Ala. Railroad Company (of which the A. G. S. Railroad Company was claimed to be the successor), exempting the employees of said company from jury, military and road duty; but the proof only showed that he was in the employment of the company at the time of his arrest. *Held*, that "if there be any force in the defendant's claim of exemption," to entitle him to its benefits, it was necessary that he should have been in the company's employment at the time he was required to perform the work on the streets; and that proof merely that he was in the company's employment when arrested, was insufficient.

Appeal from Jefferson Circuit Court.

Tried before Hon. Le Roy F. Box.

This was a proceeding, commenced before the mayor of the city of Birmingham, against the appellant for a violation of an ordinance of said city, requiring its citizens of a given age to perform certain work on the streets, and imposing a penalty for a failure to do so. Having been convicted before the mayor, he appealed to the circuit court, where the cause was tried *de novo*. At the time of his arrest, it was shown that the appellant was a clerk, in the employment of the Alabama Great Southern Railroad Company; and his defense was, that he was not liable to street duty under the ordinance, by virtue of the 25th section of the act of the General Assembly incorporating the N. E. and S. W. Ala. Railroad Company, exempting the president, directors, clerks, agents and other officers of said company from jury, military and road duty; and the consolidation of that company with the Wills Valley Railroad Company, in pursuance of acts of the General Assembly, under the name of the Alabama & Chattanooga Railroad Company, of which the

[Derrick *v.* Monette.]

Alabama Great Southern Railroad Company afterwards became the successor. The opinion does not render necessary a fuller statement of the case made by the record. Judgment was rendered against the appellant in favor of the city; and that judgment is here assigned as error.

ELLIS PHELAN and R. A. McADORY, for appellant.

R. W. PEARSON, *contra.*

BRICKELL, C. J.—The case, it may be, involves questions of some interest, if it had been shown as a fact, that when the appellant was required to perform the duty devolving upon every male inhabitant of the city, of his age, of working the streets, he was in the employment, as clerk, of the Alabama Great Southern Railroad Company. But there seems to us, after a careful examination of the bill of exceptions, reciting that the case was heard upon an agreed state of facts, a careful avoidance of an affirmance of that fact. The statement is repeated, that he was in the employment of the company, as clerk, when he was arrested and fined. There is no statement that he was in that, or any other employment or service of the company, when he was required to perform the common duty resting upon all inhabitants of the city, of the class to which he belongs. If there be any force in his claim of exemptions, it is of its very essence, in the words of the statute from which he would derive it, that when he was required to perform the duty of working the streets, he was in the employment of the railroad company. Subsequently entering into that employment, before he was arrested for the default he had committed, can not operate as a remission and pardon of the offense committed, and for which he was liable to answer.

Affirmed.